PINKINEY JAMES, JR.
v.
SOLLA IRENE WALKER A/K/A SOLLA IRENE W. JAMES
No. 2006 CA 1580.
Court of Appeal of Louisiana, First Circuit.
May 16, 2007.
NOT DESIGNATED FOR PUBLICATION.
RUSSELL C. MONROE, Attorney for Plaintiff/Appellant, Pinkiney James, Jr.
LANCE L. ENGOLIA, Attorney for Defendant/Appellee, Solla Irene Walker.
Before CARTER, C.J., WHIPPLE and McDONALD, JJ.
McDONALD, J.
In this case, plaintiff appeals a trial court judgment denying his rule to evict the defendant from the home in which they had lived together. Pinkiney James, Jr. and Solla Irene Walker[1] lived together for many years in the manner of married persons; however, although they obtained a marriage license in Mississippi on January 27, 1964, Mr. James and Ms. Walker were never legally married. In the 1960s, the parties moved into a house on property owned by Mr. James's father. They lived in that house until it burned down, and in 1977, they built a new house on the property. According to her testimony, Ms. Walker helped raise the money for the construction of the new house by cutting puff wood.
On October 21, 1996, Mr. Pinkney James, Sr. executed a cash deed transferring the property on which the house had been built to "Pinkney [sic] Eugene James, Jr. once married and then to Irene Walker James and residing together at 70350 Rosa James Rd., Kentwood, LA 70444." Mr. James and Ms. Walker both signed the deed under the mark of Mr. James's father, along with a notary public and two witnesses.
The parties continued to live together and raise their children in the house until 2005, when they ended their relationship due to an altercation between them. After the altercation, Ms. Walker remained in the house; however, Mr. James subsequently sent notice to Ms. Walker to vacate the house. When Ms. Walker failed to vacate the house, Mr. James filed a petition to evict her from the premises, contending that he was the sole owner of the property in question. Ms. Walker filed an answer contending, in part, that she was a co-owner of the property. After a hearing, the trial court declined to evict Ms. Walker and advised the parties to file another proceeding to "get [to] the ultimate question," presumably referring to the issue of ownership. Mr. James has appealed.
Eviction is a proper remedy for use by an owner of immovable property who wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased. See La. C.C.P. art. 4702. The evidence in the record is clear Ms. Walker has no ownership interest in the property. Although Ms. Walker was listed as Mr. James's wife in the act of sale, she acknowledged in her testimony and in her responses to requests for admission that she and Mr. James were never married; therefore, she clearly has no community interest in the property. Furthermore, although she signed the act of sale, she was not named in the act as a purchaser of the property.
After a thorough review of the record and relevant jurisprudence, we find that the trial court erred in refusing to grant the eviction. We note that Ms. Walker may be entitled to reimbursement from Mr. James for the improvements she helped make to the property; however, as Mr. James is the sole owner of the property, he is entitled to evict Ms. Walker from the property. Accordingly, the judgment of the trial court is reversed. The matter is remanded to the trial court with instructions to render a judgment of eviction in favor of Mr. James, ordering Ms. Walker to vacate the premises by a date specified by the trial court. All costs of this appeal are assessed against the defendant, Solla Irene Walker a/k/a Solla Irene Walker James.[2]
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Ms. Walker has also used the name Solla Irene Walker James.
[2] This memorandum opinion is issued in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1.B.